997 P.2d 641

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brian ROBERTSON, Defendant–Appellant.**

**No. 25307.**

Court of Appeals of Idaho.

March 30, 2000.

Sallaz Law Offices, Chtd., Boise, for appellant. Elizabeth Estess argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger argued.

PERRY, Chief Judge.

Brian Robertson appeals from his judgment of conviction for possession of a controlled substance. I.C. § 37–2732(c). Robertson asserts that the district court erred in denying his motion to suppress evidence. We affirm.

# I.

## BACKGROUND

At night on March 3, 1998, a Garden City police officer responded to a report that an audible security alarm had sounded at a local business, which the officer knew had been burglarized and vandalized on several previous occasions. No audible alarm was sounding from the business when the officer arrived. Upon arriving at the scene, the officer noticed Robertson walking in a direction away from the business. Robertson was approximately 100 to 125 feet from the business in question. No other person was in the area. The officer stopped his patrol car in front of Robertson and turned on the car's headlights, spotlight, and emergency back flashers. Robertson identified himself, claiming that he did not have any identification on his person and stated that he was just out for a walk with his dog. Robertson indicated that a friend had dropped him off in the area. However, on further questioning, Robertson could not give his friend's name or whereabouts, was very nervous, and appeared to be making things up. The officer then questioned Robertson about the reported alarm. During the questioning, Robertson placed his hands in his pockets and behind his back. Consequently, the officer requested that Robertson place his hands where the officer could see them. When Robertson again placed his hands where the officer could not see them, the officer informed Robertson that he was going to perform a pat-down for officer safety.

In the left pocket of Robertson's jacket, the officer felt a "small, round, hard cylinder type object." The officer asked what it was and Robertson told him that it was a film canister and that he did not know what it contained. The officer did not remove the film canister but rather continued with the frisk. In the right pocket of Robertson's jacket, the officer felt a "long, cylinder-like type object, thin in shape and size," and approximately four to five inches long. The officer removed the object and discovered that it was a used syringe. Again, the officer asked Robertson what was in the film canister, and Robertson replied that it contained methamphetamine. The officer then asked if Robertson would remove the film canister from his pocket and Robertson complied.

Robertson was charged with possession of a controlled substance and possession of drug paraphernalia. Robertson moved to suppress the evidence. Following an evidentiary hearing, the district court denied Robertson's motion to suppress. In exchange for the dismissal of the charge of possession of paraphernalia, Robertson pled guilty to possession of a controlled substance, reserving the right to appeal the denial of his motion to suppress. Robertson appeals.

# II.

## DISCUSSION

### A. Standard of Review

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which were supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

### B. Legality of the Stop

Robertson's first argument on appeal is that the officer unlawfully stopped him in violation of the Fourth Amendment and that the district court, therefore, erred in denying his motion to suppress evidence.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1878 n. 16, 20 L.Ed.2d 889, 905 n. 16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct.App.1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct.App.1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, asks if the individual is willing to answer some questions, or puts forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389, —— (1991); *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236 (1983). Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.* Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498, 103 S.Ct.at 1324, 75 L.Ed.2d at 236. The critical question is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he or she was not at liberty to ignore the police presence and go about his or her business. *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App.1999).

■ Evidence presented at the hearing on the motion to suppress reveals that the officer did not walk up to Robertson. The officer pulled his patrol car in front of Robertson, effectively blocking his forward movement, and turned on the patrol car's headlights, spotlight, and emergency back flashers. In addition, the officer testified that Robertson was not free to go after the officer began questioning him. Based upon the circumstances surrounding the encounter between Robertson and the officer, a reasonable person would not have believed that he was free to go about his business. Consequently, we hold that Robertson was seized within the meaning of the Fourth Amendment.

■ Next, we must determine whether the Robertson's seizure was justified. A seizure without a warrant is per se unreasonable unless it falls within one of the limited exceptions to the Fourth Amendment requirements. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Ferreira*, 133 Idaho 474, 988 P.2d 700. One of the exceptions provides that a police officer may stop an individual so long as the officer is aware of facts which allow the officer "reasonably to conclude in light of his [or her] experience that criminal activity is afoot." *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911. Such an investigative stop must be justified by a reasonable, articulable suspicion that the person has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628 (1981); *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617 (1972); *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira*, 133 Idaho 474, 988 P.2d 700. The legality of the investigative stop is judged under a "totality of the circumstances" test. *DuValt*, 131 Idaho at 553, 961 P.2d at 644.

In *State v. Rawlings*, 121 Idaho 930, 829 P.2d 520 (1992), the Idaho Supreme Court considered circumstances similar to those in the instant case. In *Rawlings*, officers responded at approximately 5:00 a.m. to a reported burglary of a building located within a business thoroughfare. Upon their arrival, the officers discovered a broken window in

the building. Soon afterwards, the officers discovered Rawlings walking away from the location of the reported burglary. Rawlings was the only person in the area other than the officers and was immediately stopped by the officers. The Idaho Supreme Court explained that it was "possible that the defendant could have been on an innocent mission, but these facts, together with the reported crime, provided objectively reasonable grounds which were adequate to support a police officer's suspicion of criminal activity." *Rawlings*, 121 Idaho at 933, 829 P.2d at 523. Based upon the totality of the facts, the Idaho Supreme Court held that the officer's stop of Rawlings was a valid detention under the Fourth Amendment. *Id.*

 In the instant case, the district court found that the officer responded at night to a reported burglar alarm, that the officer was aware that the reported building had been burglarized and vandalized in the recent past, and that Robertson was the only person at the scene of the reported alarm other than the officer. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct.App.1998). Although Robertson could have been innocently walking his dog as he claims on appeal, the facts as found by the district court provide objectively reasonable grounds to support the officer's suspicion of criminal activity. Robertson has failed to show that those findings are clearly erroneous. Consequently, we conclude that the district court's determination that the officer was justified in stopping Robertson will not be disturbed on appeal.

## C. Legality of the Search

 Robertson's second argument is that the officer unlawfully searched him in violation of the Fourth Amendment. A search without a warrant is per se unreasonable unless it falls within one of the exceptions to the Fourth Amendment warrant requirements. *Coolidge*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Ferreira*, 133 Idaho

474, 988 P.2d 700. One such exception is the stop-and-frisk exception. *Terry*, 392 U.S. at 20–27, 88 S.Ct. at 1878–83, 20 L.Ed.2d at 905–09. The stop and the frisk constitute two independent actions, each requiring a distinct and separate justification. *State v. Fleenor*, 133 Idaho 552, 989 P.2d 784, 788 (Ct.App.1999). Merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons. *State v. Babb*, 133 Idaho 890, 994 P.2d 633 (Ct.App. 2000). A police officer may frisk an individual so long as "a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger." *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909; *see also Fleenor*, 133 Idaho at 555, 989 P.2d at 787. An officer may frisk an individual if the officer can cite to specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Id.*

 In the instant case, the district court found, in addition to those findings justifying Robertson's detention, that the encounter occurred at night, that Robertson could not identify the friend who had dropped him off in the area, that Robertson appeared nervous, and that Robertson was either unable or unwilling to obey the officer's instructions to keep his hands where the officer could see them. Based upon the totality of these circumstances, the district court found that the officer could reasonably suspect that Robertson was armed and dangerous and concluded that the officer was justified in frisking Robertson for weapons. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Flowers*, 131 Idaho at 207, 953

P.2d at 647. The district court's finding that Robertson was potentially armed and dangerous is supported by substantial evidence. Therefore, upon review, we conclude that the district court reasonably determined that the officer was justified in frisking Robertson for weapons.

### D. Scope of the Search

Finally, Robertson argues that the officer exceeded the permissible scope of a frisk for weapons by reaching into his pockets. Pursuant to the Supreme Court's decision in *Terry*, a frisk "must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." *Terry*, 392 U.S. at 26, 88 S.Ct. at 1882, 20 L.Ed.2d at 908. In *Terry*, the officer conducted a limited frisk of the subject's outer clothing and did not place his hands into the pockets or under the outer surface of the garments until he felt weapons. In conducting a frisk for weapons, the officer need not be absolutely certain that the individual is armed in order for an officer's removal of an object to be constitutionally sound. *Fleenor*, 133 Idaho at 557, 989 P.2d at 789.

In the instant case, the officer testified that he felt an object in the right pocket of Robertson's jacket that was "long, cylinder-like type object, thin in shape and size," and approximately four to five inches long. The officer testified that it felt like "a knife, a pen knife ... a pointed type stabbing object" and that he removed the object from Robertson's jacket. As in *Terry*, only after having felt the object and determining that it felt like a weapon did the officer remove the object from Robertson's pocket. Therefore, the officer did not exceed the permissible scope of the frisk when he placed his hand inside of Robertson's pocket to remove the object that he believed to be a weapon.

After removing the object, the officer identified it as a used syringe. The officer asked Robertson what was in the film canister, and Robertson replied that it contained methamphetamine.[1] Based upon the lawfully discovered syringe and Robertson's admission, we conclude that the officer had probable cause to arrest Robertson. The officer's subsequent removal from Robertson's pocket of the film canister was justified as a search incident to arrest even though the removal of the film canister occurred prior to Robertson's formal arrest. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *State v. Moore*, 129 Idaho 776, 932 P.2d 899 (Ct.App.1996); *State v. Shepherd*, 118 Idaho 121, 795 P.2d 15 (Ct. App.1990). "Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633, 645–46 (1980); *see also State v. Crabb*, 107 Idaho 298, 304, 688 P.2d 1203, 1209 (Ct.App.1984); *State v. Cook*, 106 Idaho 209, 216, 677 P.2d 522, 529 (Ct.App.1984).

Consequently, the officer was justified in reaching into Robertson's pockets to remove both the syringe and the film canister containing methamphetamine. The officer, therefore, did not exceed the scope of the search of Robert's person.

### III.

### CONCLUSION

We hold that the officer was justified in stopping Robertson for investigatory purposes, that the officer was justified in frisking Robertson for weapons, and that the officer did not exceed the scope of the frisk. Therefore, the district court did not err in denying Robertson's motion to suppress. Robertson's judgment of conviction is affirmed.

Judge LANSING, and Judge SCHWARTZMAN, concur.

---

1. The issue of whether the officer's pre-*Miranda* questioning violated Robertson's Fifth Amendment privilege against self-incrimination has not been raised on appeal. *See State v. Frank*, 133 Idaho 364, 986 P.2d 1030 (Ct.App.1999).