103 P.3d 481

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clinton Ray ROARK, Defendant–Appellant.**

No. 29826.

Court of Appeals of Idaho.

Dec. 10, 2004.

---

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Clinton Ray Roark appeals from his judgment of conviction for trafficking in methamphetamine, entered upon his conditional guilty plea. Roark contends that the district court erred in denying his motion to suppress evidence found when Roark was subjected to a pat-down search following a traffic stop. We affirm.

## I.

## BACKGROUND

According to the findings made by the district court on Roark's suppression motion, the pertinent facts are as follows. Roark was driving alone in his pickup when Officer Lee of the Idaho State Police stopped Roark because the pickup did not have the mud flaps or fender flares required for the size of the tires and truck frame. Officer Lee informed Roark of the reason for the stop, and Roark produced his driver's license, proof of insurance, and registration information. After running a warrants check, Officer Lee returned Roark's documents to him and asked Roark to step out of the vehicle so that Officer Lee could point out why fender flares

and adequate mud flaps were needed. The officer issued a verbal warning, but no citation, and told Roark at least twice that he was free to leave. Roark walked back to the driver's side of the pickup, but just before he opened his door, Officer Lee asked, "Do you mind if I ask you a question?" Roark responded by walking back to the officer to talk to him. The district court characterized the conversation up until this point as having been "not only courteous, but close to friendly." Officer Lee then asked Roark whether he was carrying anything illegal in his vehicle or on his person. To each question, Roark replied in the negative. The officer also asked Roark for consent to search Roark's vehicle and his person, and Roark consented. Pursuant to this consent, the officer conducted a pat-down of Roark, which revealed a round, rock-like object in his pocket. Roark then admitted that the object was methamphetamine, and he was placed under arrest. The item in Roark's pocket was later determined to be a quantity of methamphetamine greater than twenty-eight grams.

Roark was charged with trafficking in methamphetamine, Idaho Code § 37–2732B(a)(4). He filed a motion to suppress the methamphetamine, contending that the pat-down search was conducted during an unlawful detention. Roark also moved to suppress certain statements made to law enforcement on the ground that the statements were obtained without *Miranda*[1] warnings. The district court suppressed the statements for *Miranda* violations, but held that the methamphetamine was admissible because Roark's encounter with Officer Lee became consensual after Lee told Roark that he was free to leave. Roark then entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress the methamphetamine.

On appeal, Roark contends that the pat-down search was the product of an unconstitutional detention because Officer Lee extended the traffic stop longer than necessary to effectuate the purpose of the stop.

## II.

## ANALYSIS

The Fourth Amendment to the United States Constitution and Article I, § 17 of the Idaho Constitution prohibit unreasonable searches and seizures. A seizure that is subject to constitutional scrutiny occurs when a law enforcement officer restrains the liberty of an individual through physical force or by show of authority. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389, 398 (1991); *California v. Hodari D*, 499 U.S. 621, 625, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690, 696 (1991); *State v. Agundis*, 127 Idaho 587, 590–91, 903 P.2d 752, 755–56 (Ct.App.1995). In determining whether a seizure has taken place, the proper inquiry is "whether, under all the circumstances surrounding the encounter, a reasonable person would have felt free to leave or otherwise decline the officer's requests and terminate the encounter." *State v. Reese*, 132 Idaho 652, 653, 978 P.2d 212, 213 (1999). *See also State v. Fuentes*, 129 Idaho 830, 832, 933 P.2d 119, 121 (Ct.App. 1997). " 'So long as a reasonable person would feel free to disregard the police and go about his business,' an encounter between police and an individual is consensual." *State v. Nickel*, 134 Idaho 610, 613, 7 P.3d 219, 222 (2000) (quoting *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389, 398 (1991)). Such consensual encounters with the police do not trigger scrutiny under the Fourth Amendment or the Idaho Constitution. *Nickel*, 134 Idaho at 612, 7 P.3d at 221; *State v. Robertson*, 134 Idaho 180, 184, 997 P.2d 641, 645 (Ct.App.2000).

A traffic stop constitutes a seizure. *Robertson*, 134 Idaho at 184, 997 P.2d at 645; *State v. Sevy*, 129 Idaho 613, 614–15, 930 P.2d 1358, 1359–60 (Ct.App.1997). A traffic stop may evolve into a consensual encounter, however, if the officer returns the driver's license, registration and insurance documents and makes no further show of authority that would convey a message that the individual is not free to go. *State v. Gutierrez*, 137 Idaho

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

647, 650, 51 P.3d 461, 464 (Ct.App.2002); *State v. Martinez,* 136 Idaho 436, 441, 34 P.3d 1119, 1124 (Ct.App.2001).

Here, it is undisputed that Roark was subjected to a lawful detention when the officer stopped him for violating vehicle equipment laws, but Roark contends that the encounter became unlawful when the officer continued to question Roark after the purpose for the traffic stop had been concluded. The prolongation of the encounter, he argues, was like that addressed in *Gutierrez,* where we held that an officer impermissibly extended a traffic stop.

In *Gutierrez,* an officer stopped a motorist for speeding. After conducting a license and registration check that revealed no problems, the officer decided to give the driver a warning. Before issuing the warning, the officer asked the driver to step out of the car. The officer then delivered a written warning and returned the driver's license and registration. Then, without turning off his overhead lights or indicating that the driver was free to return to his vehicle and to leave, the officer asked whether the driver had any alcohol, controlled substances, or weapons in the vehicle. Following these inquiries, the officer requested and obtained permission to search the vehicle. We held that this detention of the motorist for questioning after procedures for the traffic stop had been accomplished constituted an unconstitutional seizure. In holding that the questioning was not consensual, we noted that the officer never told the individual that he was free to leave, that the patrol car's overhead lights remained activated and were indicative of a continued detention, and that the officer's comments after giving a warning for speeding were accusatory in tone and were "not a sociable exchange." *Gutierrez,* 137 Idaho at 651, 51 P.3d at 465.

Although Roark argues that the circumstances of his interrogation are analogous to those in *Gutierrez,* we find sharp contrasts. When Roark's driver's license and other documents were returned to him, he was told at least twice that he was free to leave. After

Roark had returned to his car to depart, the officer asked politely for permission to ask Roark a question. Officer Lee did not command Roark to stay, nor preface his request with any other comments that would suggest a continuing exercise of authority. The district court specifically found that the exchange between the officer and Roark had been courteous and "close to friendly."

Of the factors that led this Court to conclude that the questioning in *Gutierrez* was nonconsensual, only the continued operation of the patrol car's emergency lights is applicable here. Although the activation of the emergency lights is a command for motorists to stop, by terms of I.C. §§ 49–625 and 49–1404(1), the fact that the emergency lights had not yet been turned off did not constitute a continued show of authority detaining Roark in the face of at least two notifications from the officer that he was free to go. Idaho Code § 49–625 requires drivers to stop when approached by a police vehicle with activated emergency lights and to remain stopped until the police vehicle has passed "except when otherwise directed by a peace officer." Roark was "otherwise directed" when he was told that he could go. Section 49–1404 prohibits a driver from willfully fleeing or attempting to elude a police vehicle that is giving a visual signal to stop. A driver could not be deemed to be fleeing if he departed upon being given permission to do so by the officer. Thus, neither I.C. § 49–625 nor I.C. § 49–1401(1) required Roark to remain at the site of the traffic stop after the officer authorized him to leave. It is not practical nor necessary that an officer turn off his emergency lights before he may effectively instruct an individual who has been stopped that he may leave. No reasonable person who has been unequivocally told that he may go, as Roark was, would believe that he should disregard the statement merely because the patrol car's overhead lights are still flashing.

We agree with the district court's conclusion that the valid detention of Roark became a consensual encounter at the point when Roark was told that he could leave. Roark

thereafter voluntarily consented to continue to converse with the officer. It follows that the subsequent consent to a search occurred during a consensual encounter and was not the product of an unlawful detention.

Accordingly, we affirm the district court's order denying Roark's motion to suppress the methamphetamine that was found during the pat-down search.

Judge PERRY and Judge GUTIERREZ concur.