114 P.3d 154

STATE of Idaho, Plaintiff–Respondent,

v.

Harvey G. HALLENBECK, Defendant–Appellant.

No. 30767.

Court of Appeals of Idaho.

June 2, 2005.

Alyssa C. Swartz, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Robert K. Schwarz, Deputy Attorney General, Boise, for respondent. Robert K. Schwarz argued.

LANSING, Judge.

Harvey G. Hallenbeck is appealing from the district court's order affirming his misdemeanor conviction for resisting, delaying or obstructing an officer. We affirm.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

The events leading to Hallenbeck's prosecution are as follows. In the evening hours of November 14, 2002, Deputy Lehman of the Bonner County Sheriff's office was patrolling Highway 2 when he pulled over a vehicle for speeding. A videotape of the encounter shows the vehicle stopped ahead of the patrol unit, at night, just to the right of the highway's fog line. Hallenbeck, who was the driver, immediately exited his vehicle. Lehman ordered Hallenbeck to get back into his vehicle and Hallenbeck complied. However, Hallenbeck also immediately became confrontational, denying that he had been speeding and questioning Lehman about the calibration of his radar. When asked to produce his driver's license, Hallenbeck did not cooperate. Lehman had to request it two or three times, and when Hallenbeck did eventually produce the license he held it so tightly that Lehman had to forcefully pull it from Hallenbeck's hand. Deputy Lehman then returned to his vehicle, ran a license check through dispatch, wrote out a citation for speeding, and returned to the Hallenbeck vehicle. Hallenbeck continued to be argu-

mentative, asking Lehman in a rude manner about his training and experience as an officer. Lehman tersely but courteously explained the amount of the fine for speeding and discussed the procedures to request a court date. Hallenbeck's passenger then became argumentative, contending that the vehicle was stopped solely because it had California license plates.

At that point, Hallenbeck attempted to open the driver's door and get out of the vehicle, pushing the door against Lehman, who was standing next to the door. Lehman pushed back and told Hallenbeck to close the door and stay in the car. Hallenbeck continued to push on the door. Lehman ordered Hallenbeck four more times to close the door and stay in the car, and he twice stated that Hallenbeck would be arrested for resisting and obstructing if he did not comply. Hallenbeck finally relented. Hallenbeck then asked the license number of Lehman's patrol unit. Lehman responded that his name and badge number were on the ticket.

The deputy then ended the traffic stop by telling Hallenbeck to "drive safe," after which he walked back toward his patrol car. Hallenbeck thereupon emerged from his vehicle, carrying a flashlight, and walked toward the patrol car. Lehman asked, "Can I help you?" Hallenbeck did not respond but shined a flashlight on the license plate of the patrol car and wrote the plate number on a pad. Hallenbeck later testified that he was gathering evidence because he had not been speeding and wanted to identify the patrol car so that he could challenge the calibration of its radar. Hallenbeck next shined the flashlight into the patrol car and then walked to the rear of the patrol car. He later testified that he wanted to write down the make of the car for evidentiary purposes. At that point Deputy Lehman lost patience. He told Hallenbeck three times "Get back in the car or you will go to jail." When Hallenbeck did not comply, he was arrested for misdemeanor resisting, delaying or obstructing an officer, Idaho Code § 18–705.

Following a jury trial, Hallenbeck was found guilty. He appealed to the district court, which affirmed the conviction. This appeal followed. Hallenbeck contends he was unlawfully arrested and that the evidence adduced at trial was insufficient to sustain a conviction.

## II.

## ANALYSIS

### A. Legality of Arrest

Hallenbeck first argues that his arrest for obstructing a police officer was unlawful. While his argument on this issue is not entirely clear, he appears to contend that he was detained illegally after the citation was issued because the patrol car's overhead emergency lights remained on, that his conduct constituting the basis for the obstructing charge occurred during this allegedly illegal seizure, and that such evidence therefore should have been suppressed and cannot be relied upon to sustain a conviction.

Hallenbeck's argument that his detention continued after the citation had issued solely because the officer's overhead emergency lights remained on is significantly eroded by our recent decision in *State v. Roark*, 140 Idaho 868, 103 P.3d 481 (Ct.App. 2004). We there held, "Although the activation of the emergency lights is a command for motorists to stop, by terms of I.C. §§ 49–625 and 49–1404(1), the fact that the emergency lights had not yet been turned off did not constitute a continued show of authority detaining Roark in the face of at least two notifications from the officer that he was free to go." *Id.* at 871, 103 P.3d at 484. We also have grave doubts as to the validity of Hallenbeck's premise that a court must suppress evidence of criminal acts committed by a defendant occurring during the course of an illegal seizure. We need not pass upon these issues however, because Hallenbeck did not obtain a ruling on his suppression theory in the trial court. Although Hallenbeck filed a pretrial motion to suppress, the matter was never scheduled for hearing, heard, or ruled upon by the magistrate. The evidence that Hallenbeck complains of on appeal was presented without objection at trial. This Court will not review a trial court's alleged error on appeal absent an adverse ruling that forms the basis for the assignment of error. *State*

*v. Fisher,* 123 Idaho 481, 485, 849 P.2d 942, 946 (1993).

■ In short, Hallenbeck cannot, at this late date, assert the jury should not have heard the evidence that it did hear after Hallenbeck abandoned any effort to obtain suppression of the evidence. Similarly, this Court will not, on review of the sufficiency of the evidence at trial, ignore evidence that was admitted at trial without objection.

### B. Sufficiency of the Evidence

■ Hallenbeck next argues that the trial evidence was insufficient to show that he violated I.C. § 18–705, which provides:

> Every person who wilfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office or who knowingly gives a false report to any peace officer, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one (1) year.

Hallenbeck reasons that, once the speeding citation had been issued, Deputy Lehman could no longer constitutionally detain Hallenbeck and therefore the deputy had no authority to direct or restrict Hallenbeck's movements and activities. Therefore, Hallenbeck asserts, Deputy Lehman could not lawfully order Hallenbeck to return to his own vehicle while Hallenbeck was examining the patrol car, and in ignoring that order Hallenbeck did not resist, delay or obstruct the officer in "any duty of his office."

The question of what constitutes a "duty" as that term is used in I.C. § 18–705 was addressed by this Court in *State v. Wilkerson,* 114 Idaho 174, 755 P.2d 471 (Ct.App. 1988).[1] We there recognized that "[r]esolution of the question presented here requires an exploration of 'the difficult, dangerous, and subtle field where the essential office of the policeman impinges upon the basic freedom of the citizen.'" *Id.* at 178, 755 P.2d at 475. We concluded:

> We hold that where an individual refuses to obey an order or obstructs an act of a public officer which is contrary to the law, be it statute or constitution, that individual does not violate I.C. § 18–705. We interpret "duty" as used in that statute to encompass only those lawful and authorized acts of a public officer. To hold otherwise would clothe an officer with protection from resistance based only on his status as an officer and would render the "in the discharge, or attempt to discharge, of a duty of his office" language of the statute mere surplusage.

*Id.* at 180, 755 P.2d at 477.

■ Applying that definition of "duty," we conclude that there was sufficient evidence for a jury finding that Hallenbeck resisted, delayed or obstructed Deputy Lehman in the performance of a duty of his office. We begin by noting that although Hallenbeck's argument on appeal assumes that his only conduct at issue was his failure to comply with Lehman's final orders to return to his car, neither the charging citation nor the jury instructions limited the charge to that conduct. The citation alleged that Hallenbeck resisted and obstructed an officer by "fail[ing] to obey commands to get back into his car." And the jury instruction stating the elements of the offense instructed in the general language of the statute and did not identify the specific act or acts that were alleged to constitute the violation. Therefore, the jury could have found Hallenbeck guilty either for his conduct after the citation was issued or for his earlier behavior in attempting to exit the car by pushing the door open against Lehman's body despite the deputy's repeated instructions to close the door and stay in the car. This conduct, which resulted in a shoving match at the door between Hallenbeck and the deputy, occurred during what Hallenbeck concedes to be a lawful segment of the detention, before the deputy concluded the traffic stop. It is beyond dispute that during a traffic stop, an officer has the authority to control the movement of the driver of the stopped vehicle. *See Pennsylvania v. Mimms,* 434 U.S. 106, 111, 98 S.Ct. 330, 333, 54 L.Ed.2d 331, 337 (1977); *State v. Butcher,* 137 Idaho 125, 131,

---

1. On review, the Idaho Supreme Court authored a five-line opinion adopting this Court's decision as "correctly decided." *State v. Wilkerson,* 115 Idaho 357, 766 P.2d 1238 (1988).

44 P.3d 1180, 1186 (Ct.App.2002) ("During a lawful traffic stop, the officer may instruct the driver to exit the vehicle or to remain inside. The procedure is within the police officer's discretion and is not otherwise unlawful."). It is also clear that Hallenbeck's acts of making physical contact and struggling with the officer are sufficient to sustain a conviction under the statute. *See State v. Wight,* 117 Idaho 604, 607, 790 P.2d 385, 388 (Ct.App.1990) (During a pat down search occurring during a traffic stop, the defendant's "reaction in pushing the officer constituted sufficient grounds to arrest him for obstructing and delaying."). Thus, the jury could have based its conviction on Hallenbeck's actions of attempting to exit his vehicle in contravention of Lehman's initial lawful order to get back in his vehicle and repeated lawful orders to remain in his vehicle.

Even if the finding of guilt was based solely on the later confrontation, when Hallenbeck disobeyed Lehman's orders to return from the vicinity of the patrol car to his own vehicle the verdict must be upheld. We conclude that the deputy's orders were not beyond the scope of his authority even though the detention for the speeding violation had by then ended. A deputy's duties include those enumerated in I.C. § 31–2202(12), which directs that a sheriff shall:

> (a) Require all persons using the highways in the state to do so carefully, safely and with exercise of care for the persons, property and safety of others; [and]
>
> . . . .
>
> (d) Regulate traffic on all highways and roads in the state. . . .

*See also Cornell v. Harris,* 60 Idaho 87, 93, 88 P.2d 498, 500 (1939) ("In addition to powers expressly conferred upon him by law, an officer has by implication such powers as are necessary for the due and efficient exercise of those expressly granted, or such as may be fairly implied therefrom."). Here, the traffic stop occurred at night alongside a highway with a fifty-five mile-per-hour speed limit. Both Hallenbeck's vehicle and the patrol unit were parked immediately to the right of the highway's fog line. On the videotape of the stop, other vehicles can be seen passing by intermittently. Some vehicles slow to pass, and others appear to be going at a high speed. Vehicles can be seen crossing into the other lane of the two-lane highway to pass. In short, safety would be a concern in this circumstance. Deputy Lehman testified that when Hallenbeck was walking about conducting his inspection of the patrol car, he was in the traffic lane at times, and Lehman was concerned that an oncoming driver may not be able to see Hallenbeck standing in the road. Thus, the State showed at trial that Deputy Lehman had a legitimate basis for concern about Hallenbeck's personal safety and the safety of approaching drivers. Lehman had the authority, and in fact the duty, to safeguard persons using the highways. Therefore, the jury could properly find that Deputy Lehman was performing a "duty" of his office when he ordered Hallenbeck to return to his own car and that by refusing to comply, Hallenbeck violated I.C. § 18–705.

Accordingly, the trial evidence was sufficient to support the jury's verdict, and the judgment of conviction is therefore affirmed.

Chief Judge PERRY and Judge GUTIERREZ **concur.**

