933 P.2d 119

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ricardo FUENTES, Defendant–Appellant.**

No. 22621.

Court of Appeals of Idaho.

Feb. 27, 1997.

Van G. Bishop, Canyon County Public Defender, Matthew Roker (argued), Deputy Public Defender, Nampa, for defendant–appellant.

Alan G. Lance, Attorney General, Catherine O. Derden, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

WALTERS, Chief Judge.

Ricardo Fuentes was found guilty by a jury of one count of possession of methamphetamine, I.C. § 37–2732(c). The district court imposed a unified sentence of six years, with a three-year minimum period of confinement. The court then suspended the sentence and placed Fuentes on probation for four years. Fuentes appeals from the judgment of conviction, raising as his only issue the denial of his pretrial motion to suppress the methamphetamine as evidence. For the reasons set forth below, we affirm.

The facts which led to the charges against Fuentes are as follows. Fuentes's brother and his brother's family were living in a rented trailer home in Nampa. On April 1, 1995, the landlord arrived at the home to evict the family because of past due rent. Fuentes's brother and his brother's wife were not home at the time, and the landlord engaged in a heated argument with their eldest son. During the exchange, the son flipped a lighted cigarette at the landlord. The landlord then called the police.

Officers Christopher Rowe and Carl Winnicki were dispatched to investigate the dis-

pute.[1]  Upon arriving at the residence, the officers found the landlord parked in front of the trailer. They were informed by the landlord of the events which had transpired. Officers Rowe and Winnicki then approached the trailer in an effort to speak to the residents and obtain their side of the story.

Officer Winnicki knocked on the front door but no one answered. He then told the occupants of the trailer, "If you don't come out, we are going to come in after you." Shortly thereafter, the door opened and three or four individuals, including Fuentes, emerged from the trailer. The officers asked them for their names and birth dates, specifically focusing on the older males. Officer Winnicki spoke to the eldest son while Officer Rowe spoke with Fuentes.

Officer Rowe ran a warrants check on Fuentes which took approximately five minutes. During this time, Fuentes reentered the trailer and then came out carrying a cellular telephone. Fuentes told Rowe that he was trying to contact his sister-in-law so she could come to the home and resolve the rental dispute. The dispatcher informed Rowe that there was an outstanding warrant for Fuentes's arrest. Fuentes was arrested and Officer Rowe patted him down for weapons but nothing was seized. Fuentes was placed in the back seat of a patrol car and transported to the Canyon County Jail. After Fuentes was removed from the patrol car, two baggies containing methamphetamine were found underneath the back seat.

Fuentes was charged by information with possession of a controlled substance, methamphetamine, I.C. § 37–2732(c). He filed a motion in the district court to suppress the methamphetamine found in the patrol car. Fuentes contended he was "seized" by the police when he came out of the trailer home in response to the officer's commands, and that the methamphetamine was found as a result of this seizure. A seizure by this method, he submitted, violated his rights under the Fourth Amendment of the United States Constitution because the police did not have any reasonable suspicion that a

crime had been committed when they seized him.

Relying in part on *Florida v. Bostick,* 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), the district court held that no seizure had taken place prior to Fuentes's arrest because Fuentes was free to leave the police's presence, and in fact did so. The court also held that testimony by Fuentes's thirteen year-old niece, that she heard the officer threaten to come into the trailer if the occupants did not come out, was not reflective of what Fuentes may have heard or what he may have believed was taking place while he was inside the trailer. The district court denied the motion to suppress.

On appeal, Fuentes challenges the district court's holding that no seizure occurred. Relying on *State v. Fry,* 122 Idaho 100, 831 P.2d 942 (Ct.App.1991), Fuentes argues that a seizure occurred because the Fourth Amendment is implicated, "when an officer, by means of physical force or show of authority has in some way restrained a citizen's liberty." 122 Idaho at 102, 831 P.2d at 944. He asserts that Officer Winnicki's statement would have communicated to a reasonable person that he was not at liberty to ignore the police's presence and go about his business. Such a communication, he alleges, constitutes a seizure. Fuentes further asserts that while some seizures for a limited duration may be made absent probable cause for an arrest, such seizure, in order to pass constitutional muster, must be justified by a reasonable, articulable suspicion on the part of the police that the person to be seized had committed or was about to commit a crime. He claims that the officer in this case had no such articulable suspicion at the time of the seizure.

A trial court's decision on a motion to suppress presents mixed questions of law and fact. *State v. McAfee,* 116 Idaho 1007, 1008, 783 P.2d 874, 875 (Ct.App.1989); *State v. Jones,* 115 Idaho 1029, 1031, 772 P.2d 236, 238 (Ct.App.1989). On appeal, we defer to the trial court's findings of fact if those findings are supported by the evidence. *State v. Connor,* 124 Idaho 547, 548, 861 P.2d 1212,

1. The parties agree that a third officer and patrol car also responded to the scene. However, this  unidentified officer apparently did not take an active role in the investigation.

1213 (1993); *State v. Medley*, 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, we freely review the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Medley, supra*. In particular, the Idaho Supreme Supreme Court has held that:

> When reviewing "seizure" issues, we defer to the trial court's factual findings, unless they are clearly erroneous. We freely review, de novo, the trial court's legal determination of whether or not an illegal seizure has occurred.

*State v. Bainbridge*, 117 Idaho 245, 247, 787 P.2d 231, 233 (1990).

When a defendant seeks to suppress evidence allegedly obtained as a result of an illegal seizure, the burden of proving that a seizure occurred is on the defendant. *See* 5 Wayne R. LaFave, *Search and Seizure*, § 11.2(b), at 44–45 (3d ed.1996); *United States v. Carhee*, 27 F.3d 1493 (10th Cir. 1994); *Russell v. State*, 717 S.W.2d 7 (Tex. Crim.App.1986); *State v. Thorn*, 129 Wash.2d 347, 917 P.2d 108 (1996). The relevant inquiry in determining whether a seizure occurred is whether a reasonable person would have felt free to leave or otherwise decline the officer's requests and terminate the encounter. *Bostick*, 501 U.S. at 437, 111 S.Ct. at 2387–88. The court must look to the totality of the circumstances to determine if a seizure occurred. *Id.* In deciding whether a person has been seized, the differing accounts of the circumstances surrounding the encounter present factual questions that are to be resolved by the trial court.

Here, the district court found from the facts presented that Fuentes was not seized by the officers when he exited the trailer home and spoke with them, giving them his name. Fuentes did not testify at the suppression hearing; he presented only the testimony of his niece. The court determined that this evidence did not show that Fuentes himself heard or acted in response to any commands by the officers. The court also found from the evidence that Fuentes was free to go about his business because while the police were present he reentered the home, obtained a cellular telephone and attempted to call his sister-in-law. Although evidence to the contrary was presented concerning Fuentes's reentry into the trailer, the district court resolved this conflict in favor of the officers' testimony, as the court was free to do in determining the credibility of the witnesses and according appropriate weight to the evidence presented.

The district court's findings are clearly supported by the evidence. The totality of the circumstances surrounding Fuentes's encounter with the officers, based upon the facts found by the district court, leads to the conclusion that a seizure did not occur until Fuentes was arrested pursuant to the outstanding warrant. In short, Fuentes failed to carry his burden to establish that a seizure had occurred as he claimed.

We uphold the order denying the motion to suppress and affirm the judgment of conviction.

LANSING and PERRY, JJ., concur.