978 P.2d 212

STATE of Idaho, Plaintiff–Respondent,

v.

Mark REESE, Defendant–Appellant.

No. 24006.

Supreme Court of Idaho,
Boise, December 1998 Term.

April 2, 1999.

Alan E. Trimming, Ada County Public Defender; Gary S. Reedy, Deputy Public Defender, Boise, for appellant. Gary S. Reedy argued.

Hon. Alan G. Lance, Attorney General; Teresa A. Sobotka, Deputy Attorney General, Boise, for respondent. Teresa A. Sobotka argued.

SCHROEDER, Justice.

This is an appeal from an order of the district court vacating the magistrate's order suppressing evidence.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Mark Reese (Reese) was cited for driving under the influence (DUI) and driving without privileges. He filed a motion to suppress. The only evidence offered was the arresting officer's report. The magistrate suppressed evidence based upon the following findings:

On or about August 22, 1995, Officer Jones was stopped by an unknown informant and advised that a male and female had just gotten out of an older Honda at the Vista Avenue Stinker Station in Boise, Idaho, and both appeared very intoxicated. Officer Jones observed two subjects enter a vehicle at the Stinker Station and drive to a nearby residence, but did not observe

any illegal or erratic driving behavior or observe any independent signs of intoxication by the driver. At the residence the male driver went inside the home and the female remained outside. Officer Jones contacted the female and told her he wanted to speak with the male driver. The male driver [exited] his home, was identified as the Defendant, Mark Reese, and was given field sobriety tests by the officer, and subsequently arrested for DUI.

The State appealed to the district court which vacated the magistrate's order suppressing evidence. Reese appealed to this Court.

## II.

## STANDARD OF REVIEW

When reviewing a motion to suppress evidence, this Court will defer to the trial court's findings of fact unless the findings are clearly erroneous. *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, the Court exercises free review over

> the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. Further, when an appeal is initially taken to the district court, any subsequent review will be conducted independent of, but with due regard for, the decision of the district court.

*Id.* (citations omitted).

The facts of this case come from only one source, the officer's arrest report. The facts are not in dispute—only their legal significance. Therefore, under the above standard, this Court exercises free review.

## III.

## THE MAGISTRATE COURT ERRED IN SUPPRESSING EVIDENCE.

The Fourth Amendment to the United States Constitution guarantees freedom from unreasonable searches and seizures conducted by government officials. Reese argues that his Fourth Amendment rights were violated in that he was "seized" when the officer

told the female passenger that he needed to speak with the driver (Reese) and she in fact complied and returned with him.

Not all personal contact between police and citizens implicates the Fourth Amendment. *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (citing *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); *State v. Clifford,* 130 Idaho 259, 261, 939 P.2d 578, 580 (Ct.App.1997). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry,* 392 U.S. at 19 n. 16, 88 S.Ct. 1868. There is no claim in this case that the officer used any physical force to restrain Reese. The inquiry in determining whether a seizure occurred is whether, under all the circumstances surrounding the encounter, a reasonable person would have felt free to leave or otherwise decline the officer's requests and terminate the encounter. *State v. Fuentes,* 129 Idaho 830, 832, 933 P.2d 119, 121 (Ct.App.1997) (citing *Bostick,* 501 U.S. at 437, 111 S.Ct. 2382). In *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the United States Supreme Court stated the following:

> Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

*Id.*

The district court vacated the magistrate's order granting the motion to suppress and analyzed the undisputed facts as follows:

> In this case there was no direct contact, touching, or speech between the officer and Mr. Reese. There was no physical assertion of authority. There were no lights and sirens. There was no banging on the door. There was no blocking of the house entrances. There was no forceful assertion of authority. There was no

threat to come in after Mr. Reese if he refused to come out. There was no evidence that the officer talked to the woman in a menacing manner.

"When a defendant seeks to suppress evidence allegedly obtained as a result of an illegal seizure, the burden of proving that a seizure occurred is on the defendant." *Fuentes,* 129 Idaho at 832, 933 P.2d at 121 (citing 5 WAYNE R. LAFAVE, *Search and Seizure* § 11.2(b), at 44–45 (3d ed.1996)). Here, the only evidence introduced to the trial court is the arresting officer's report. As the district court noted, the report is devoid of any indication that the officer's conduct was coercive. The district court's analysis in vacating the magistrate's order granting the motion to suppress was correct.

### IV.

### CONCLUSION

The decision of the magistrate court suppressing evidence is reversed.

Chief Justice TROUT and Justices SILAK, WALTERS and JOHNSON, PRO TEM, CONCUR.