117 P.3d 146

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jay BIGHAM, Defendant–Appellant.**

**No. 30631.**

Court of Appeals of Idaho.

July 11, 2005.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Robert K. Schwarz, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Jay Bigham appeals from the district court's denial of his motion to suppress evidence. Bigham contends that the evidence was discovered as the result of an unlawful detention. We conclude that even if police misconduct occurred, application of the attenuation doctrine makes suppression of evidence inappropriate, and we therefore affirm the district court's order.

## I.

## FACTS AND PROCEDURE

At approximately 4:00 a.m., Nampa police officer Eric Skoglund was driving his patrol vehicle in a residential area when he saw an individual, later identified as Bigham, walking toward him. Officer Skoglund testified that it was an "unusual time for someone to be walking down the street," and that when he patrols late at night in residential areas, he looks "for people that are either prowling or out possibly doing auto burglaries or things like that." Skoglund stopped his vehicle, turned on his yellow "marker" lights, exited the vehicle and spoke to Bigham. The parties dispute what Skoglund said. Bigham testified that Skoglund ordered, "Hey you, come over here." Skoglund testified that he said something in the nature of "Hey, can I talk to you for a minute?" Skoglund recognized Bigham as a former student at a high school where Skoglund had been a school resource officer, but Skoglund could not remember Bigham's name. Skoglund asked for his name and Bigham complied. Skoglund then recalled seeing Bigham's name on a warrant list within the previous few days. Skoglund confirmed the warrant through dispatch and arrested Bigham. A search of Bigham's person pursuant to arrest resulted in the discovery of a small amount of methamphetamine.

After being charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1), Bigham filed a suppression motion. He contended that he had been illegally detained by Officer Skoglund and that the discovery of the drugs was a product of that detention. At the conclusion of the suppression hearing, the district court orally denied the motion. Bigham then entered a conditional guilty plea, reserving the right to appeal the decision on his suppression motion. This appeal followed.

## II.

## ANALYSIS

The tenor of the district court's ruling on Bigham's suppression motion was that the interaction between Skoglund and Bigham was not a detention but was a consensual encounter. A detention or seizure occurs when, by means of physical force or show of authority, an officer in some way restrains the liberty of a citizen. *California v. Hodari D.*, 499 U.S. 621, 625–26, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690, 696–97 (1991). Accordingly, the distinction between a seizure and a consensual encounter turns upon "whether, under all the circumstances surrounding an encounter, a reasonable person would have felt free to leave or otherwise decline the officer's requests and terminate the encounter." *State v. Reese*, 132 Idaho 652, 653, 978 P.2d 212, 213 (1999). So long as a reasonable person would feel free to disregard the police and go about his business, an encounter between police and an individual is consensual. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389, 398 (1991); *State v. Nickel*, 134 Idaho 610, 613, 7 P.3d 219, 222 (2000).

Here, the district court did not make a key factual finding that would aid appellate review of the determination that the encounter was consensual. Specifically, the district court did not find whether Skoglund's initial statement to Bigham was in the nature of an order for Bigham to stop or, in contrast, a request to speak to Bigham. The former would indicate a seizure, while the latter would indicate a consensual encounter. The lack of factual findings hinders appellate review of the district court's rationale for denying Bigham's motion. For this reason, we turn to the State's alternate argument that even if Officer Skoglund initially detained Bigham unlawfully, the discovery that there was a warrant for Bigham's arrest dissipated the taint of the unlawful detention and justi-

fied Bigham's arrest and the associated search incident to arrest.

On this issue, the Idaho Supreme Court's decision in *State v. Page*, 140 Idaho 841, 103 P.3d 454 (2004) controls. The facts of *Page* are similar to the case at bar. A police officer who was on patrol in the early morning observed a man walking down the middle of the roadway. The officer was concerned about the man's well-being, so the officer stopped and spoke to him. On being asked for identification, the man produced a driver's license. The officer took the license back to his patrol vehicle and ran a warrants check, which revealed an outstanding warrant for the man's arrest. The officer then placed the man under arrest, and during a search incident to arrest, found drugs. On the defendant's subsequent suppression motion, the district court found that the officer was acting lawfully within the scope of his community caretaking function when he initially contacted the defendant, but that the defendant was unlawfully seized when the officer took possession of the defendant's driver's license while the officer checked through dispatch for warrants.

▆▆▆ On the State's appeal, the Supreme Court agreed with the district court's conclusion that the initial encounter was justified under the officer's community caretaking function but became an unlawful detention when the man's driver's license was seized. *Id.* at 845, 103 P.3d at 458. The Supreme Court nonetheless held that the evidence found on Page in the search incident to his arrest need not be suppressed. Relying upon *United States v. Green*, 111 F.3d 515 (7th Cir.1997), the Supreme Court held that the discovery of an arrest warrant can, in certain circumstances, constitute an intervening circumstance that dissipates the taint of an otherwise illegal seizure of a person. *Page*, 140 Idaho at 846, 103 P.3d at 459. The Court applied the "attenuation doctrine," which permits use of evidence that would normally be suppressed as fruit of police misconduct if the causal chain between the

misconduct and the discovery of the evidence has been sufficiently attenuated. In applying the attenuation doctrine, the ultimate question is whether the police acquired the evidence from "exploitation of [the] illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Green*, 111 F.3d at 521 (quoting *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963)). In *Page*, our Supreme Court employed a three-factor test to determine attenuation: "(1) the elapsed time between the misconduct and the acquisition of the evidence, (2) the occurrence of intervening circumstances, and (3) the flagrancy and purpose of the improper law enforcement action." *Page*, 140 Idaho at 846, 103 P.3d at 459 (citing *Green*, 111 F.3d at 521). The Court viewed the discovery of a warrant for Page's arrest to be a significant intervening event favoring attenuation and concluded that the officer's unlawful conduct was not flagrant nor his purpose improper. The Court also noted that there "was a minimal lapse of time" between the seizure of the license and the search pursuant to the arrest warrant. *Id.*[1]

The State argues that *Page* stands for the broad proposition that "[w]hen an arrest warrant exists for an individual, the arrest of that individual and a search incident to that arrest complies [sic] with the arrestee's Fourth Amendment right to be free from unreasonable searches and seizures, regardless of the validity of the initial police contact." The *Page* decision provides no such comprehensive insulation of police misconduct whenever an outstanding arrest warrant is discovered. Rather, in *Page*, as in the *Green* case upon which *Page* relied, the Court applied the three-part attenuation test to the facts presented. The discovery of a warrant satisfies only the second prong by showing an intervening circumstance. The other factors, particularly "the flagrancy and purpose of the improper law enforcement action," must be weighed in every case to

---

1. In a more typical attenuation case, a short lapse of time between the unlawful conduct and the discovery of the challenged evidence weighs *against* a finding of attenuation. *See Green,* 111 F.3d at 521. It appears that in *Page,* the Idaho

Supreme Court noted the minimal lapse of time as evidence of a lack of flagrant conduct by the officer because the period of unlawful detention was short, and not as an application of the first factor of the three-factor test.

determine whether the taint of that miscon-
duct is sufficiently attenuated.

We conclude that in the present case, as in
*Page,* application of the attenuation doctrine
calls for denial of the suppression motion.
The existence of an outstanding warrant for
Bigham's arrest was an intervening circum-
stance and weighs in favor of a finding of
attenuation. Officer Skoglund's conduct,
even assuming that he ordered Bigham to
stop, is not so flagrant as to tilt the scales
against attenuation; an officer's act of stop-
ping and questioning a person who is walking
down a residential street at 4:00 a.m. is not
outrageous, and the encounter, from initial
contact to arrest, lasted only a few minutes.
There is no evidence that Skoglund stopped
Bigham solely to determine his identity so
that a warrant check could be run.[2] Rather,
Skoglund conducted a warrant check only

after he recalled that Bigham's name was on
a warrants list. Even as described by Big-
ham in his own testimony, the encounter was
relatively relaxed and non-confrontational.
On these facts, any taint from the alleged
illegal seizure of Bigham was attenuated.

Accordingly, the order of the district court
denying Bigham's motion to suppress evi-
dence is affirmed.

Chief Judge PERRY and Judge GUTIER-
REZ concur.

---

**2.** In *Page,* the Idaho Supreme Court expressed its
disapproval of a rule that would allow law en-
forcement officers "the ability to initiate consen-
sual encounters with pedestrians in order to
seize identification and run a warrants check."
*Page,* 140 Idaho at 845, 103 P.3d at 458. The
Court noted, "Twenty-five years ago the United

States Supreme Court made clear the general
rule that in the absence of any basis for suspect-
ing an individual of misconduct, the Fourth
Amendment generally does not allow govern-
ment agents to detain an individual and demand
identification. *Brown v. Texas,* 443 U.S. 47, 99
S.Ct. 2637, 61 L.Ed.2d 357 (1979)." *Id.*