IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 37119

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 325 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 18, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JESUS HERNANDEZ-FLORES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction for trafficking in cocaine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jesus Hernandez-Flores appeals from his judgment of conviction entered upon his conditional guilty plea for trafficking in cocaine. Specifically, Hernandez-Flores challenges the district court's denial of his motion to suppress. For the reasons set forth below, we affirm.

I.

BACKGROUND

On December 2, 2008, a detective received a tip from a known informant that Jesus Hernandez-Flores would be flying into Boise from Salt Lake City and that he had previously transported cocaine on his person during such flights. The detective confirmed that Hernandez-Flores was flying into Boise, and connected a phone number given to him by the informant as the number Hernandez-Flores used to book the flight. After the plane arrived in Boise, an officer ran his drug dog around the luggage that was identified as belonging to Hernandez-Flores, and the dog alerted on one of the items. It was arranged that Hernandez-Flores' items would be the last

1

to come off of the baggage carousel while two officers waited in the baggage claim area in plainclothes. When Hernandez-Flores picked up his luggage, the officers asked him if they could speak with him in another area. Hernandez-Flores agreed and he was escorted upstairs to a room used by the Boise Police Department in a secure area that required a badge to get into. After they entered the room, Hernandez-Flores was patted down and his luggage was searched while he was questioned. Neither the pat down nor the search uncovered anything. However, after the search the officers noticed an unnatural looking bulge in the crotch area of Hernandez-Flores' pants. The officers asked Hernandez-Flores if he was carrying any drugs on his person and informed him of what they had seen. After the officers asked if they could search his person, Hernandez-Flores gave no verbal response, but stood up and started to reach down his pants. One of the officers advised Hernandez-Flores to stop, and asked him to hold his waistband out. When Hernandez-Flores complied, the officer then retrieved a clear plastic container from the crotch area of Hernandez-Flores' pants. The container contained a white powdery substance that was later determined to be cocaine.

Subsequently, the officers advised Hernandez-Flores of his *Miranda*[1] rights. Hernandez-Flores agreed to continue speaking with them and explained that the container contained cocaine and that he was supposed to deliver it to friends in Boise. Hernandez-Flores was arrested and charged with trafficking in cocaine. Hernandez-Flores filed a motion to suppress arguing that the officers violated his Fourth, Fifth, and Sixth Amendment rights against unlawful searches and seizures and his right against self-incrimination when the officers detained him and failed to advise him of his *Miranda* rights after detaining him. The district court denied Hernandez-Flores' motion to suppress finding that the contact between the officers and Hernandez-Flores was consensual, that Hernandez-Flores consented to going with the officers to the room and to having his luggage searched, and that Hernandez-Flores consented to having his person searched through his actions after the officers noticed the bulge in his pants. The district court further found that Hernandez-Flores was not in custody for purposes of *Miranda* until after the cocaine was found, and that the statements Hernandez-Flores made were voluntary and were not the product of police coercion. Alternatively, the district court found that even if this was not a consensual encounter, the officers had reasonable suspicion to detain Hernandez-Flores.

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

Hernandez-Flores entered a conditional guilty plea to trafficking in cocaine while reserving his right to challenge the denial of his motion to suppress on appeal. Hernandez-Flores now appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## DISCUSSION

Hernandez-Flores asserts that the district court erred in denying his motion to suppress the statements he made to police and the cocaine found on his person because his consent was not voluntary, but rather was the product of police coercion. The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions, or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. The proper inquiry in determining whether a seizure occurred is "whether, under all the

circumstances surrounding the encounter, a reasonable person would have felt free to leave or otherwise decline the officer's requests and terminate the encounter." *State v. Reese*, 132 Idaho 652, 653, 978 P.2d 212, 213 (1999).

Although a warrantless search is generally illegal and violative of the Fourth Amendment, such a search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the state has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The state must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

The district court determined that the state met its burden in proving that Hernandez-Flores voluntarily made statements to the officers and consented to the search of his person. Specifically, the district court found that the contact between the officers and Hernandez-Flores was a consensual encounter, and there was nothing coercive about it. Hernandez-Flores voluntarily accompanied the officers to the secured office, and voluntarily answered questions once in the office. Further, Hernandez-Flores voluntarily consented to the search of his luggage, and then later to a search of his person through his actions when the officers asked about the bulge in his pants and for consent to search him by standing up, lifting up his arms, and then starting to reach into his pants as though to retrieve something. The district court also found that up to this point, Hernandez-Flores had been told at least twice that he was not under arrest. After the cocaine was found in his pants, Hernandez-Flores was placed under arrest and read his *Miranda* rights, which he waived, meaning any incriminating statements and confessions after that point were voluntary. The district court determined, under the totality of the circumstances, that Hernandez-Flores' will was not overborne by the officers and there was no evidence of police domination. The officers were all dressed in plainclothes, no weapons were visible, and

4

Hernandez-Flores never objected to the search of his person or his belongings and he never tried to evade the search. Alternatively, the district court found that even if this was not a consensual encounter, there was reasonable suspicion to justify detaining Hernandez-Flores for further questioning.

In light of all the circumstances, we conclude that the district court's determination was correct. Although Hernandez-Flores was taken to a room that was in a secure part of the airport and required a badge to get into, there is no evidence that suggests that the police were coercive or threatening in any way. Hernandez-Flores did not ask to leave the room at any point, he had been informed that he was not under arrest, and all of the evidence suggests that his actions were voluntary and that this was a consensual encounter. Moreover, there is no evidence to suggest that Hernandez-Flores did not waive his *Miranda* rights voluntarily, or that the statements Hernandez-Flores made after he was arrested were not given voluntarily.

Even assuming this were not a consensual encounter, the officers had reasonable suspicion to detain Hernandez-Flores. A police officer may, without violating an individual's constitutional rights, make an investigatory stop if that officer has a reasonable suspicion that criminal activity is underway. *Terry*, 392 U.S. at 22. Whether the police officer had the requisite reasonable suspicion to conduct the stop is determined on the basis of the totality of the circumstances. *State v. Rawlings*, 121 Idaho 930, 932, 829 P.2d 520, 522 (1992). The information from the informant was corroborated by confirming that at least one of the phone numbers that was given to the police belonged to Hernandez-Flores, that Hernandez-Flores had booked a flight from Salt Lake City to Boise, and that Hernandez-Flores used one of the phone numbers to book that flight. Based on this information, the officers held back Hernandez-Flores' luggage and a drug dog detected the presence of narcotics on his luggage. The officers then waited until Hernandez-Flores claimed the same luggage that the dog alerted on before approaching him. Under the totality of the circumstances, there was reasonable suspicion to detain Hernandez-Flores.

## IV.

## CONCLUSION

The district court did not err in denying Hernandez-Flores' motion to suppress. There was reasonable suspicion for the officers to detain Hernandez-Flores, and Hernandez-Flores

voluntarily made statements to the officers and consented to the search of his person. Accordingly, Hernandez-Flores' judgment of conviction for trafficking in cocaine is affirmed.

Judge LANSING and Judge MELANSON **CONCUR**.