**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40782**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 413 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 12, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| VESTAL DEAN CAUDILL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Vestal Dean Caudill appeals from his judgment of conviction for possession of a controlled substance. Specifically, he alleges that the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The district court made the following findings of fact after a hearing on Caudill's motion to suppress. Shortly after midnight, an officer observed Caudill's vehicle stop and the headlights turn off after the vehicle traveled some distance on a rural gravel road. The officer parked on the road facing the front of Caudill's vehicle and activated the patrol car's rear amber flashers. The officer did not block Caudill's vehicle from being able to leave or activate the patrol car's overhead emergency lights. The officer approached Caudill's vehicle and asked how he was doing. After a brief exchange, the officer asked Caudill for identification, which Caudill

1

provided without objection. A check of Caudill's driver's license revealed that he had an active warrant for his arrest. During a search incident to Caudill's arrest, the officer discovered in Caudill's pocket a glass pipe containing a white and brown residue. Subsequent testing confirmed the residue as methamphetamine. Caudill was charged with possession of a controlled substance. I.C. § 37-2732(c)(1).

Caudill filed a motion to suppress the evidence found during the search as being the result of an illegal seizure. The district court denied the motion, finding that the encounter was consensual. The district court also noted that, although the consensual encounter became a Fourth Amendment seizure when the officer took Caudill's license to perform a warrant check, the limited detention was reasonable because it was brief and followed a lawful contact. Caudill subsequently entered an *Alford*[1] plea to possession of a controlled substance, preserving his right to appeal the denial of his motion to suppress. The district court sentenced Caudill to a unified term of three years, with a minimum period of confinement of one year; suspended the sentence; and placed him on probation. Caudill appeals.

## II.

## ANALYSIS

Caudill argues that the district court erred in denying his motion to suppress by determining that the initial encounter with the officer was consensual and that Caudill's detention during the license check was reasonable under the Fourth Amendment.[2] The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Caudill also argues that the subsequent discovery of the outstanding warrant was not an intervening event that dissipated the taint of the evidence from the allegedly unlawful detention. However, based on our holding, we need not address this issue.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). For example, a seizure does not occur simply because a police officer approaches an individual on the street or other public place and asks if the individual is willing to answer some questions or puts forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Further, even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.* Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *Id.* Importantly, the critical inquiry is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he or she was not at liberty to ignore the police presence and go about his or her business. *Bostick*, 501 U.S. at 436.

In *United States v. Mendenhall*, 446 U.S. 544, 554 (1980), the United States Supreme Court stated:

> Examples of circumstances that might indicate seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

Other circumstances that may indicate a seizure include whether an officer used overhead emergency lights or took action to block a vehicle's exit route. *State v. Willoughby*, 147 Idaho 482, 487-88, 211 P.3d 91, 96-97 (2009); *State v. Schmidt*, 137 Idaho 301, 302-03, 47 P.3d 1271, 1272-73 (Ct. App. 2002); *Fry*, 122 Idaho at 103, 831 P.2d at 945.

When a defendant seeks to suppress evidence allegedly obtained as a result of an illegal seizure, the defendant bears the burden of proving that a seizure occurred. *State v. Page*, 140 Idaho 841, 843, 103 P.3d 454, 456 (2004); *State v. Fuentes*, 129 Idaho 830, 832, 933 P.2d 119,

121 (Ct. App. 1997). The state then bears the burden of proving that the seizure was nonetheless reasonable. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009).

This Court has previously held that merely approaching and questioning a person in a parked vehicle does not, by itself, constitute a seizure. *State v. Zubizareta*, 122 Idaho 823, 827, 839 P.2d 1237, 1241 (Ct. App. 1992); *see also Page*, 140 Idaho at 844, 103 P.3d at 457. Additionally, as Caudill acknowledges in his brief, we have also previously held that an officer's brief detention of a driver to run a status check on the driver's license after making a valid, lawful contact with the driver is reasonable for purposes of the Fourth Amendment. *State v. Landreth*, 139 Idaho 986, 990, 88 P.3d 1226, 1230 (Ct. App. 2004); *see also State v. Godwin*, 121 Idaho 491, 495, 826 P.2d 452, 456 (1992). In *Landreth*, employees of a grocery store reported a suspicious vehicle in the parking lot. The responding officer testified that, when he arrived at the scene, he did not see anything illegal. Nevertheless, the officer approached the vehicle, questioned the driver about his activities, and asked for identification, which Landreth produced without objection. While the officer was running a status check on Landreth's license, Landreth told the officer that he had an active arrest warrant, which dispatch confirmed. During a search incident to Landreth's arrest for the outstanding warrant, a small bindle of methamphetamine fell from Landreth's pocket. This Court held that the officer's initial contact with Landreth was not unlawful or invalid because Landreth was already stopped in the parking lot, willingly spoke to the officer, and was not subjected to any police conduct that would have communicated that he was being detained. *Landreth*, 139 Idaho at 990-91, 88 P.3d at 1230-31. Moreover, we held that the brief detention to perform the license check was reasonable based on the Idaho Supreme Court's holding in *Godwin*. *Landreth*, 139 Idaho at 991, 88 P.3d 1231. We also cautioned that our holding did not countenance officers initiating "consensual contacts" with individuals merely to follow the contact with a request for identification to run a license or warrants check. *Id.*

Caudill has failed to show that this case substantively differs from the situation in *Landreth*. Here, there was no indication that the officer initiated the contact merely to request identification from Caudill and check him for warrants.[3] Like the defendant in *Landreth*, Caudill

---

[3] Indeed, the officer testified at the suppression hearing that his attention was initially directed toward Caudill's vehicle because the mountainous area where Caudill had stopped was a popular party location for minors and several thefts of metal had been reported in the area.

was already parked when the officer approached, willingly spoke to the officer, and willingly provided his identification upon request. Moreover, as in *Landreth*, none of the officer's conduct would have suggested to a reasonable person that he or she was not free to ignore the officer and go about his or her business. As noted by the district court, the officer employed no physical force or show of authority to restrain Caudill, and the officer did not block an exit route for Caudill's vehicle. The officer did not activate the forward overhead lights, instead using only the rear amber flashers on his patrol vehicle. The officer asked brief, permissible questions in a nonthreatening and friendly manner, giving no indication that Caudill's compliance with the request might be compelled. Thus, the officer's initial contact with Caudill was consensual.

No cognizable Fourth Amendment seizure occurred until the officer took Caudill's license to perform a warrant check. However, as previously noted, an officer's brief detention of a driver to run a status check on the driver's license after making a valid, lawful contact with the driver--as occurred here--is reasonable for purposes of the Fourth Amendment. As a result, the district court did not err in denying Caudill's motion to suppress evidence obtained from the subsequent search incident to arrest.

### III.
### CONCLUSION

Based on our review of the totality of the circumstances in this case, we conclude that the officer's initial contact with Caudill was consensual and not an unlawful detention. Because the initial contact was lawful, Caudill's brief detention when the officer took his license to run a warrant check was reasonable and did not violate Caudill's constitutional rights. Accordingly, we affirm Caudill's judgment of conviction for possession of a controlled substance.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**